■ In the Matter of ERIC M. JAVITS, Petitioner, v EDWARD N. HEFFERNAN et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Appeals Board of the Department of Motor Vehicles, dated November 20, 1979, which affirmed a determination made after an administrative hearing finding petitioner guilty of speeding in violation of section 1180 of the Vehicle and Traffic Law and fining him. Determination confirmed and proceeding dismissed on the merits, with costs. We find that the determination of the Administrative Adjudication Bureau is supported by substantial evidence. Titone, J. P., Lazer, Gulotta and Martuscello, JJ., concur.

■ In the Matter of MARY MOORE, Petitioner, v NOAH WEINBERG, as Commissioner of the Rockland County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated December 13, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for retroactive benefits. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioner, a recipient of home relief, resides in an apartment in Rockland County. In July of 1976 her mother moved in with her to share the rental expense. The mother, who receives only Social Security benefits, makes varying monthly payments to petitioner as contributions for her share of the rent. In or about August, 1977, the local agency reduced petitioner's monthly grant by the amount of money contributed by her mother per month, less $15. The amount over $15 per month was budgeted as income to petitioner and was applied against her needs in calculating her grant. In August of 1978 petitioner requested a fair hearing to appeal the determination. Thereafter the local agency's representative readjusted petitioner's budget *in futuro.* However, petitioner believed she was entitled to reimbursement for past underpayments and proceeded with the fair hearing. Petitioner asserts that she properly documented that her out-of-pocket expenses exceed her shelter allowance, when she demonstrated that her rent exceeds her shelter allowance plus the $15 allowed by the local agency. We disagree. Title 18 (§ 352.31, subd [a], par [3], cl [iv]) of the Official Compilation of Codes, Rules and Regulations of the State of New York provides: "When the person [who resides with the applicant for or recipient of assistance] is unwilling to assume responsibility for the applicant or recipient or his or her children * * * such person shall be treated as a lodger. The amount received by the applicant or recipient in excess of $15 per month from a lodger, or in excess of $60 per month from a boarding lodger, shall be considered as income to the applicant or recipient, *unless such applicant or recipient documents* that the actual out-of-pocket expenses incurred in *providing the room for the lodger* exceed $15 per month, or that such expenses for room and board for the boarding lodger exceed $60 per month. If the documented expenses exceed $15 or $60, actual expenses shall be allowed and the excess considered income to the applicant or recipient" (emphasis supplied). This regulation clearly states that the applicant or recipient has the burden of proving that his expenses incurred in providing the room for the lodger exceed $15 per month. Petitioner's claim that her rent exceeds the shelter allowance plus the $15 per month, does not satisfy this burden. Further proof is necessary to document that the expenses attributable to providing the room for her mother exceeded $15 per month (see *Matter of Jackson v Blum,* 75 AD2d 896). Accordingly, the determination was supported by substantial evidence. Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.